**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELEANOR REED, | No. 11-15105 |
| Plaintiff - Appellant, | D.C. No. 4:09-cv-01480-CW |
| v. | |
| AVIS BUDGET GROUP, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Submitted March 16, 2012[**]
San Francisco, California

Before: NOONAN, McKEOWN, and M. SMITH, Circuit Judges.

Eleanor Reed, a former employee of Avis Budget Group, claims that Avis

retaliated against her by failing to rehire her pursuant to a Collective Bargaining

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Agreement (CBA) because she complained about race and disability discrimination and filed a successful claim with the California Department of Fair Employment and Housing (DFEH) for the alleged discrimination. The district court granted summary judgment in favor of Avis. The facts Reed alleges are familiar to both parties. We "review[] a district court's grant of summary judgment de novo [and] determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact." *Dawson v. Entek Int'l*, 630 F.3d 928, 934 (9th Cir. 2011).

Reed's retaliation claim for the filing of the DFEH complaint fails because there was no evidence that managers Spain and Stephens, who made the decision not to rehire Reed, knew of the filing of the DFEH complaint. Human Resources Manager Height, who did know about the complaint, was not a decisionmaker. *See Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982) ("Essential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity"). Although Reed insinuates that there is a triable issue of fact as to whether Height had influence on the decision not to rehire Reed, she only points to a single email, which was written *after* the decision had been made. There is no evidence that Height influenced the decision.

2

Reed also fails to make a prima facie case of retaliation for her complaints of discrimination due to lack of temporal proximity between the failure to hire and the protected conduct. *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (noting the importance of temporal proximity). Reed relies on *Porter v. Cal. Dept. of Corrections,* 419 F.3d 885 (9th Cir. 2005). Unlike in *Porter*, there is no evidence that the decisionmakers harbored a grudge; in fact, after Reed was sent a notice informing her of her right to be rehired under the CBA, Spain followed up by calling Reed to discuss her rehiring.

Even if Reed made a prima facie case, Avis provides a legitimate non-discriminatory reason for its action. Avis did not accept Reed's late acceptance of the offer of rehiring because it did not want to create precedent for other employees, and because to do so would have been unfair to other workers. Reed offers no evidence to suggest that this reason is pretextual. *See Dawson*, 630 F.3d at 936 (discussing burden shifting mechanism).

AFFIRMED.